IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.                  Civil No. 05-6053
                   Criminal No.94-60035

JAMES TURNER                                DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the motion of the defendant/movant, James Turner (hereinafter "Turner"), to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. # 151)

**Factual and Procedural Background:**

Turner is an inmate in the Federal Correctional Institution, Beaumont, Texas. On December 12, 1994, Turner was convicted of two counts of distribution of crack cocaine and aiding and abetting in the distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Turner was sentenced on April 12, 1995, to three hundred (300) months imprisonment. (Doc. #106) Turner appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit and the conviction and sentence were affirmed on November 7, 1995. *United States v. Turner*, 69 F.3d 542 (8th Cir. 1995)

On April 25, 1997, Turner filed a motion seeking enlargement of time to file a motion § 2255 motion. (Doc. #138) On September 5, 1997, the undersigned filed a report and recommendation recommending that the motion for enlargement of time be denied as premature. (Doc. #141) Turner did not file objections to the report and recommendations and on September 23, 1997, this court entered an order adopting the same and denying Turner's motion for enlargement of time. (Doc. #142)

On July 18, 2005 Turner filed the § 2255 motion to vacate, set aside or correct sentence now before the undersigned. (Doc. #151)  The United States filed a response on November 3, 2005. (Doc. #160)                       .

On its face, the pending § 2255 motion was filed outside of the one-year limitation period provided under 28 U.S.C. § 2255; accordingly, on September 9, 2005, the undersigned entered an order requiring Turner to complete and return a questionnaire/addendum to motion explaining why he failed to file the pending motion within the specified one-year time period. (Doc. #156)  On September 21, 2005, Turner filed the completed questionnaire/addendum to motion. (Doc. #  158)

**Discussion:**

In his pending § 2255 motion, Turner asserts the following claims:

a.  he is serving an illegal sentence in light of *United States v. Booker* and *United States v. FanFan*;

b.  he was convicted and sentenced on charges for which he was not indicted; and,

c.  he received the ineffective assistance of counsel.

(Doc. #151)

In response to the pending motion, the United States asserts *inter alia* that Turner's claims are barred by limitations. (Doc. #160)  We agree.

As noted above, Smith was sentenced on April 12, 1995. The judgment and commitment was entered on April 12, 1995. (Doc. #106)  The conviction and sentence were affirmed by judgment of the court of appeals on November 7, 1995.

28 U.S.C. § 2255 provides for a one year limitation period with respect to the filing of motions under that section:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1220, 28 U.S.C. § 2255.*

Because Turner's convictions and sentence were affirmed on direct appeal, the judgment of conviction became final for § 2255 purposes when the time expired for the filing of a petition for certiorari to the Supreme Court. *Clay v. United States*, 537 U.S. 522, 532 (2003)(for federal criminal defendants who do not file a petition for certiorari with this court contesting the appellate court's affirmation of the conviction, § 2255's one-year limitation period starts to run when the time for seeking such review expires).

A petition for writ of certiorari to review the judgment of the court of appeals must be filed with the Clerk of the Supreme Court within 90 days of the entry of the judgment of the court of appeals. *Rule 13, Rules of the Supreme Court of the United States*. Accordingly, Turner had until February 5, 1996, to file a petition for writ of certiorari, and, since he did not file such a petition the judgment became final for purposes of § 2255 on that date.

Turner's § 2255 motion was not filed until July 18, 2005, over nine years after his conviction became final for § 2255 purposes.

In his questionnaire/addendum Turner argues that he should be excused from effects of the one-year limitations period because (1) the limitations provision was not in effect at the time of Turner's conviction and sentence; and, (2) the running of the limitations period should be tolled because he is actually innocent and his constitutional rights were violated. (Doc. #158)

We dispose of Turner's first contention by noting that the AEDPA became effective on April 24, 1996. Because Turner's conviction became final on February 5, 1996, a date prior to the effective date of the AEDPA, he had until April 24, 1997, to file a motion under *§ 2255*. *United States v. Simmonds*, 111 F.3d 737, 745-46 (10th Cir. 1997) (prisoners whose convictions become final before April 24, 1996, the date the *AEDPA* took effect, must file their *§ 2255* motions before April 24, 1997).

Significantly, Plaintiff does not assert that the government created an impediment to the filing of the motion, nor does he assert a right which has been newly recognized by the United States Supreme Court. Further, Plaintiff does not assert that "the facts supporting the claim or claims presented could" not have been discovered "through the exercise of due diligence" until a date after April 24, 1997. 28 U.S.C. § 2255

Turner argues that he should be excused from the one year limitations requirement of § 2255 because he is "actually innocent." (Doc. #158)

The United States Court of Appeals for the Eighth Circuit has recently concluded that equitable tolling can apply to a § 2255 motion. *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005)("[t]he statute of limitations contained in § 2255 is subject to equitable tolling"). Further,

-4-

the Court has indicated that "actual innocence" can support a request for equitable tolling. *See Mandacina v. United States*, 328 F.3d 995, 1003 (8th Cir. 2003)(district court correctly found that claim of actual innocence was not established, therefore a request for equitable tolling was denied.)

"To establish actual innocence, petitioner must demonstrate that in the light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1988)(internal citations and quotations omitted). Actual innocence "means factual innocence, not mere legal insufficiency." *Id. See also McNeal v. United States,* 249 F.3d 747, 749 (8th Cir. 2001)("In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").

The undersigned has read the transcript of Turner's trial. Two law enforcement officers testified that, working in an undercover capacity, one of the officers purchased crack cocaine from Turner on both March 11 and 12, 1994. The chain of custody of the substance was established and a forensic chemist employed by the Arkansas State Crime Laboratory testified that the substance purchased from Turner on March 11th was 13.54 grams of cocaine base of 60% purity and the substance purchased from Turner on March 12th was 14.977 grams of cocaine base of 66% purity. As the court of appeals concluded, such evidence was sufficient to support Turner's conviction and in the face of such evidence it can not be seriously contended that he is factually innocent. *United States v. Turner*, 69 F.3d 542 (8th Cir. 1995)("Because the appeal involves the straightforward application of settled principles of law, a discussion of the abundant evidence that establishes Turner's guilt will serve no useful purpose.").

Accordingly, Turner is clearly not actually innocent of the crime for which he was convicted and his current § 2255 claims must be dismissed as barred by the limitations provisions of the statute.

AO72A
(Rev. 8/82)

Turner's claims are also substantively without merit. Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 2531 (2005), Turner contends that in his sentencing, the court made findings of fact as to drug quantity and criminal record, matters which were not alleged in the indictment or submitted to the jury. However, the "career offender" finding was constitutionally permissible as the fact and nature of prior convictions need not be submitted to the jury. *United States v. Reeves*, 410 F.3d 1031, 1035 (8th Cir. 2005)(citing *Apprendi*). Further, Turner was sentenced long before *Apprendi* and *Booker* were decided and neither the rule announced in *Apprendi* nor the rule announced in *Booker* apply to criminal convictions that became final before the rule was announced. *United States v. Moss*, 252 F.2d 993, 997 (8th Cir. 2001)(*Apprendi*); *see also Schiro v. Summerlin*, ___ U.S. ___, 124 S.Ct. 2519 (2004); *Washington v. Blakely*, 124 S.Ct. at 2548-49 (O'Connor, J., dissenting)(recognizing the Court's holding in *Summerlin* that *Ring v. Arizona*, 536 U.S. 584 (2002) "(and a fortiori Apprendi) does not apply retroactively on collateral review"); *Lenford Never Misses a Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005)(*Booker* does not apply retroactively to cases on collateral review).

Next, Turner contends that he was convicted of counts of the indictment that did not apply to him. This claim apparently is based upon the fact that Turner was charged under counts six and seven of the superceding indictment (Doc. #49) while the verdict form completed and returned by the jury states that Turner is convicted of the crimes charged in "count 1" and "count 2." (Doc. #81) This claim is also without merit as a review of the trial court's instructions to the jury clearly establishes that the court properly instructed the jury that Turner was charged with two counts of the distribution of cocaine base in violation of *21 U.S.C. § 841(a)(1)*. Although the verdict form provided to the jury did not identify the charges as being contained in counts six and seven of the indictment, but instead

AO72A
(Rev. 8/82)

referred to counts "1" and "2", no possibility of confusion existed and Turner was certainly convicted of the charges against him as contained in the indictment. It must be further observed that the court's reference to the charges against Turner as counts one and two rather than counts six and seven would appear to have been beneficial to the defendant as eliminating the possibility of the jury speculating as to whether Turner was also named in counts one through five of the indictment.

Finally, Turner's ineffective assistance of counsel claim is without merit as it is based upon his attorney's alleged failure to raise the claims addressed above. As those claims are without merit, Turner was not prejudiced by counsel's failure to raise them and, thus, ineffective assistance of counsel claims can not be established. *See United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)("'post-conviction relief will not be granted on a claim of ineffective assistance of counsel unless the petitioner can show ... that [counsel's] deficient performance prejudiced his defense'")(quoting *Strickland v. Washington*, 466 U.S. 668, 687 (8th Cir. 1984)).

*Rule 8(a)* of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that:

> If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

For the reasons set forth above, it is determined that no evidentiary hearing is required and that the pending *§ 2255* motion should be dismissed as untimely filed.

**Conclusion:**

Accordingly, it is found that Turner's pending *§ 2255* motion is barred by the one-year

AO72A
(Rev. 8/82)

limitations provision of the statute and the claims raised therein are without merit. Accordingly, it is recommended that the motion be dismissed.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 23rd day of December 2005.

*/s/ Bobby E. Shepherd*
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)